[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13913
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-00262-ECM-WC

MARIANN COLLINS,
RICK COLLINS,

Plaintiffs-Appellants,

versus

BSI FINANCIAL SERVICES,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(August 30, 2021)

Before BRANCH, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Mariann Collins and Rick Collins (collectively "the Collinses") appeal from the district court's grant of summary judgment in favor of BSI Financial Services on the Collinses's breach-of-contract claim concerning the servicing of a mortgage loan. Because the undisputed facts show that the Collinses cannot prove an essential element of their claim, we affirm.

## I.    Background

The facts in the record are as follows. On June 19, 2000, the Collinses closed on a mortgage loan for a residential property in Alabama. The loan was subsequently assumed by CitiMortgage, Inc. At some point prior to 2013, the Collinses fell behind on their mortgage payments and entered into a forbearance agreement with CitiMortgage, wherein they would pay a higher monthly mortgage payment throughout 2013 in order to bring their account current. Although the Collinses made the payments under the agreement, at least one of them was not timely. In early 2014, CitiMortgage notified the Collinses that their loan was in default and stopped accepting payments.[1] The last payment made by the Collinses and accepted by CitiMortgage was in February 2014.

CitiMortgage ultimately transferred servicing of the loan to BSI Financial Services ("BSI"), effective September 22, 2015. Shortly thereafter, CitiMortgage

---

[1] CitiMortgage indicated that the account was in default by $177.60. However, the Collinses disagreed that their account was in default and continued to submit payments to CitiMortgage of what they believed to be the current amount due.

2

assigned ownership of the loan to Ventures Trust 2013-I-H-R in October 2015. BSI serviced the loan from September 2015 until November 2017, and during this time the Collinses made no payments to BSI.[2]

In March 2016, the Collinses filed suit in Alabama state court against CitiMortgage, BSI, and other various servicers and holders of their mortgage, after BSI allegedly accelerated the loan and initiated foreclosure proceedings against them. CitiMortgage removed the case to the Middle District of Alabama. In their second amended complaint—the operative complaint in this action—the Collinses raised a claim of breach of contract against both CitiMortgage and BSI.[3] Specifically, they alleged that CitiMortgage and BSI breached the mortgage contract by misapplying payments, failing to send proper notices, and—as to BSI specifically—improperly initiating foreclosure proceedings based on incorrect accounting records from CitiMortgage. The Collinses eventually settled their claim against CitiMortgage.

BSI moved for summary judgment, arguing, in relevant part, that the undisputed evidence showed that the Collinses failed to perform under the

---

[2] In her deposition as part of the summary judgment proceedings, Mariann Collins testified that she "was told not to" make any payments to BSI, but conceded that no one at BSI had told her that.

[3] The Collinses also raised claims for fraud, defamation, and violations of the Fair Debt Collection Practices Act, but the district court dismissed those claims for failure to state a claim. The Collinses do not challenge this dismissal order on appeal.

contract—an essential element for a breach-of-contract claim under Alabama law—because they made no mortgage payments to BSI during the time it was servicing the loan. The district court agreed and granted BSI's motion for summary judgment.[4] This appeal followed.

## II.    Standard of Review

We review *de novo* a district court's grant of summary judgment. *Watkins v. Ford Motor Co.*, 190 F.3d 1213, 1216 (11th Cir. 1999). Summary judgment is appropriate if the evidence presents no genuine dispute about any material fact and compels judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(a). "In determining the relevant set of facts at the summary judgment stage, we must view all evidence and make any reasonable inferences that might be drawn therefrom in the light most favorable to the non-moving party. However, we draw these inferences only to the extent supportable by the record." *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) (citation and quotation omitted).

---

[4] The Collinses later moved to vacate the district court's judgment and the court denied the motion. They do not challenge this order on appeal.

### III.    Discussion

The Collinses argue that the district court erred in finding that their failure to make mortgage payments to BSI precluded their breach-of-contract claim because a mortgage borrower may bring such a claim regardless of whether he is in default. We disagree.

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiffs' performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Reynolds Metals Co. v. Hill*, 825 So. 2d 100, 105 (Ala. 2002).[5]  In support of its motion for summary judgment, BSI submitted an affidavit from one of its officers who attested that the Collinses had not made a mortgage payment to BSI for the entire time period in which BSI serviced the loan.  BSI also pointed to Mariann Collins's deposition testimony where she admitted to having made no mortgage payments to BSI.  The Collinses argue that BSI refused payment, but that is directly contradicted by Mariann Collins's testimony.  The Collinses have failed to point to any evidence in the record to show they performed under the contract with BSI.  *See Penley*, 605 F.3d at 848.[6]

---

[5] "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  Accordingly, we apply Alabama state law to the Collinses's breach-of-contract claim.

[6] The Collinses focus on three cases to support their argument that a plaintiff's nonperformance under the contract does not preclude a breach-of-contract claim.  All three cases

Accordingly, because the undisputed record evidence shows that the Collinses failed to perform under the contract, they cannot succeed on their breach-of-contract claim against BSI and we affirm the district court's entry of summary judgment on this basis.[7]

**AFFIRMED.**

_____

are inapplicable here.  In *Bates v. JPMorgan Chase Bank, NA*, we applied Georgia law in reviewing the debtor's breach-of-contract claim against the lender, and Georgia law—unlike Alabama law—does not require the plaintiff's performance as an element of such a claim.  768 F.3d 1126, 1130 (11th Cir. 2014).  In *Jackson v. Wells Fargo Bank, N.A.*, the plaintiff's performance under the contract was not at issue and the court considered only whether there was sufficient evidence that the defendant breached an acceleration clause in the contract.  90 So. 3d 168, 172–73 (Ala. 2012).  Finally, contrary to the Collinses's argument, *Winkleblack v. Murphy* does not provide for a mortgage-contract exception to the requirement that a plaintiff must perform under the contract.  811 So. 2d 521, 529–30 (Ala. 2001) (reiterating that the plaintiff was required to prove his performance in order to establish that the defendant breached the contract under Alabama law).

[7] Because summary judgment was appropriate on the merits of the breach-of-contract claim, we do not reach the other arguments that the Collinses raise in their brief—namely that the district court applied an incorrect summary judgment standard and erred in finding that BSI, as the assignee of the loan, could not be held liable for any alleged breach of contract by the prior servicer CitiMortgage.